Arnold L. Fein, J.
This is a motion by the defendant and third-party plaintiff Fidelity and Casualty Company of New York (Fidelity) for an order pursuant to CPLR 2307 (subd. [a]) directing the Attorney-General to produce certain transcripts for discovery and inspection.
This action was commenced by the trustee in bankruptcy of Ira Haupt & Co. (Haupt), a major creditor of Allied Crude Vegetable Oil Refining Corp. (Allied), to recover losses sustained by Haupt under three blank bonds issued by Fidelity to Haupt.
Fidelity alleges that the transcripts of the testimony of the general partners and other employees of Haupt, obtained by the Attorney-General during a Martin Act investigation of Haupt’s relationship with Allied, are material and necessary for its defense and in the prosecution of Fidelity’s claims against the third-party defendants.
It is not denied that some time prior to and during the course of this action plaintiff’s counsel requested and was given access to such transcripts by the Attorney-General and obtained or made digests of the testimony.
The Attorney-General has declined to make the transcripts available because (1) evidence and information obtained in a Martin Act investigation is confidential and may not be divulged except by direction of the Attorney-General (General Business Law, § 352, subd. 5), and (2) Fidelity unsuccessfully applied for the same relief in People v. Bunge Corp. (25 N Y 2d 91) and the issue is thus res judicata. It cannot be disputed that subdivision 5 of section 352 of the General Business Law prohibits disclosure of information obtained in a Martin Act investigation, “ except as directed by the attorney-general.” However, it is doubtful that the statute intends that the Attorney-General may arbitrarily choose between private litigants in the same action which shall receive such confidenial information.
It is not significant that plaintiff is a trustee in bankruptcy, to whom permission was allegedly given “ in his official capacity ” to examine the transcripts. Although a trustee in bankruptcy is an officer of the Bankruptcy Court (Matter of White Holding Co., 52 F. 2d 499, 501), when he elects to bring suit on behalf of the bankruptcy estate, he represents the creditors of the bank- *112 rapt and stands on no better footing than any other litigant.
To allow one party or litigant to gain an advantage through the use of confidential information without requiring full disclosure to all parties would constitute a denial of the equal protection of the laws and violate the concept of fundamental fairness inherent in that doctrine.
Fidelity’s application is not barred by res judicata. The Attorney-General’s reliance on the determination in the prior proceeding, entitled People v. Bunge Corp. (54 Misc 2d 325, affd. 29 A D 2d 846, affd. 25 N Y 2d 91) is misplaced. Examination of that case demonstrates that the issue was not passed upon.
Fidelity and several other insurance companies moved for:
(1) Reopening of a consent judgment obtained by the Attorney-General in a Martin Act proceeding;
(2) Permission to Fidelity and others to intervene, and
(3) Appointment of a receiver.
By separate application, Fidelity and others petitioned for an order pursuant to article 78 of the CPLR, in the nature of mandamus, directing the Attorney-General to apply for the appointment of a receiver and to compel the Attorney-General to make available certain evidence collected in the course of investigation. In essence,-Special Term held that (1) the court could not reopen the consent judgment obtained in a Martin Act action because an exercise of discretion by the Attorney-General was involved; (2) movants were not defrauded investors within the meaning of section 353-a of the General Business Law; and (3) consequently they had no right to intervene.
Since the motion-in-chief was denied, the application for ancillary relief was denied as academic. It cannot therefore be held that the court reached or passed upon the precise issue raised by Fidelity on this application. Thus there was never a full and fair opportunity for Fidelity to litigate this issue in that proceeding. The Attorney-General is not aided by that portion of the opinion of Court of Appeals in Bunge, referred to by him (25 N Y 2d 91, 101): “ However, this material is confidential and it is very unlikely that the Attorney-General would or should, be willing to turn it over to appellants.”
As has been noted, the Attorney-General has, in fact, turned it over to the trustee in bankruptcy in this action. The Court of Appeals was not writing in such a context.
Accordingly, Fidelity’s motion is granted. Settle order describing the transcripts to be produced for disclosure, and providing for the date, time and place of examination.